EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD GRADEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CONEXANT SYSTEMS, INC., DWIGHT W. DECKER, ARMANDO GEDAY, MICHAEL VISHNY, BALAKRISHNAN S. IYER, ROBERT McMULLAN, DENNIS E. O'REILLY, and J. SCOTT BLOUIN,<br><br>Defendants. | Case No. 2:05-cv-00695-SRC |

### ORDER PRELIMINARILY APPROVING SETTLEMENT, APPROVING FORM AND MANNER OF CLASS NOTICE, AND SCHEDULING HEARING ON FAIRNESS OF SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)

The joint motion for an Order (1) Preliminarily Approving Settlement of the above-captioned action pursuant to the terms and conditions of the Stipulation of Settlement (the "Agreement" or "Settlement"), dated May 15, 2009; (2) approving the forms of Class Notice and directing the manner of delivery of Class Notice; and (3) scheduling a hearing to consider the fairness of the Settlement pursuant to Fed. R. Civ. P. 23(e), having come before the Court, and upon consideration of the Agreement, the joint motion of the Parties in support thereof and exhibits attached thereto, the pleadings and records on file, and good cause appearing, it is hereby ORDERED as follows:

1. To the extent not otherwise defined here, all capitalized terms shall have the same meaning as used in the Agreement.

2. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Plan and all Plan participants with respect to the claims asserted under Section 502(a)(2) of ERISA, and all Defendants.

3. The Settlement documented in the Agreement is hereby PRELIMINARILY APPROVED as appearing on its face to be fair, reasonable, and adequate; to be the product of serious, informed, and extensive arms'-length negotiations among the Parties; and to be based on a genuine controversy between the Parties involving the Defendants' compliance with the fiduciary requirements of ERISA.

4. Conexant is hereby ordered to provide or cause their agent to provide Plaintiff's Counsel with the names and addresses of Plan Participants in the Settlement Class in electronic format within three (3) days of the date hereof or as provided in the Stipulation whichever is earlier.

5. The forms of Class Notice proposed by the Parties is hereby APPROVED. The Notice, in substantially the same format, shall be (a) mailed by first class mail, post prepaid to the last know address of all members of the Settlement Class, as defined in paragraph 7 of this Order, within 14 days of entry of this Order. Plaintiff shall be responsible for mailing the Class Notice, and Plaintiff's counsel shall file an affidavit attesting to the mailing of the Class Notice with the Court at or before the Settlement Fairness Hearing (as defined in Paragraph 8 of this Order; and (b) Summary Notice shall be published on a national news wire service no more than seven (7) days after the mailing of the Notice.

6. The form and manner of delivery of the Class Notice directed hereby and in the Agreement meet the requirements of Fed. R. Civ. P. 23 and due process, constitute the best

notice practicable under the circumstances, and shall constitute due and sufficient notice to all Plan participants.

7. The Court hereby PRELIMINARILY APPROVES the maintenance of the Action as a class action, for purposes of the Settlement only, pursuant to Fed. R. Civ. P. 23. Specifically, the Court FINDS that (a) the claims are suited to settlement on a plan-wide basis; (b) the relief provided in the Settlement will insure to the benefit of the Plan and all Plan participants; and (c) the named Plaintiff has and will fairly and adequately represent the interests of the Plan and all Plan participants. Further, pursuant to Fed. R. Div. P. 23(g)(2), the Court PRELIMINARLY DESIGNATES as Class Counsel Harwood Feffer LLP. Specifically, the Court FINDS that Harwood Feffer LLP will fairly and adequately represent the interests of the Settlement Class defined in Paragraph 7.

8. Accordingly, the Action is being settled as a class action pursuant to Fed. R. Civ. P. 23, with the Settlement Class defined for settlement purposes as follows:

> All current and former participants in the Plan for whose individual accounts the Plan held an interest in the common stock of Conexant at any time from March 1, 2004 to and including May 15, 2009. Excluded from the Class are Defendants herein; and, their beneficiaries, alternate payees, representatives and successors-in-interest, not including any of the defendants, defendants' immediate family, any subsidiary, affiliate, or control person of such person or entity, officers and directors of Conexant and the legal representatives, heirs, successors, or assigns of each such excluded party.

9. A hearing (the "Settlement Fairness Hearing") pursuant to Fed. R. Civ. P. 23(e) is hereby SCHEDULED to be held before the Court on September 11, 2009, at 1:30 p.m. in Courtroom 8 for the following purposes:

(a) to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court;

(b) to determine finally whether this Action satisfied the applicable prerequisites for non-opt out class treatment meeting the applicable requirements for a settlement class imposed by Federal rule of Civil Procedure 23;

(c) to determine whether the Settlement has been negotiated at arm's-length by Plaintiff and his counsel on behalf of the Plan and Plan participants, whether Plaintiff has acted independently and that his interests are consistent and not in conflict with the interests of the Plan and Plan participants, and whether the negotiations and consummation of the Settlement by Plaintiff on behalf of the Plan and Plan participants do not constitute "prohibited transactions" as defined by ERISA §§ 406(a) or (b);

(d) to determine whether the Order and Final Judgment provided under the Agreement should be entered and whether the Releasees should be released of and from the Released Claims, as provided in the Agreement;

(e) to determine whether the bar order provisions in the Agreement should be entered barring Plaintiff, the Plan, and all Plan participants from the institution and prosecution, either directly or indirectly, of any other action in any court asserting any Released Claim against any Releasees;

(f) to consider the reasonableness of the attorneys' fees and expenses requested by Plaintiff's counsel and the request for a case contribution award for Lead Plaintiff; and

(g) to rule upon such other matters as the Agreement contemplates and as the Court may deem just and proper.

10. Counsel for the parties shall file all papers in support of the Settlement with the Court and serve said papers on all counsel of record no less than 7 days before the Settlement Fairness Hearing. Copies of such materials shall be available for inspection at the office of the Clerk.

11. The Court having determined preliminarily that this Action may proceed as a class action under Fed. R. Civ. P. 23, brought on behalf of the Plan and all Plan participants, the Plan and all Plan participants shall be bound by any judgment in this Action, subject to the Court's final determination at the Settlement Fairness Hearing as to whether this Action may so proceed.

12. The Court shall consider comments or objections to treatment of the claims in the Settlement at the Settlement Fairness Hearing, *but only if* such comments or objections and any supporting papers are filed in writing or electronically with the Clerk of the Court, United States District Court for the District of New Jersey, 50 Walnut Street, Newark, New Jersey no less than *fourteen (14) days* before the Settlement Fairness Hearing, and by the same date, copies of all such papers are served on each of the following persons:

>   Robert I. Harwood
>   Jeffrey M. Norton
>   Harwood Feffer LLP
>   488 Madison Avenue
>   New York, NY 10022
>
>   Richard A. Rosen
>   Robyn Tarnofsky
>   Paul Weiss Rifkind Wharton & Garrison
>   1285 Avenue of the Americas
>   New York, NY 10019

13. Attendance by class members at the Settlement Hearing is not necessary; however, persons wishing to be heard orally in opposition to the approval of the Settlement must state in their written objections their intention to appear at the hearing, fourteen (14) days before the

Settlement Fairness Hearing. Such persons must identify in their written objections the names of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Fairness Hearing. Plan participants do not need to appear at the hearing or take any other action to indicate their approval.

14. Pending final determination of whether the Settlement should be approved, the Parties, the Plan, and all Plan participants are hereby BARRED AND ENJOINED from instituting or prosecuting any action that asserts any Released Claim against any Releasees.

15. If the Agreement is terminated pursuant to the provisions of Paragraph 6.1 of the Settlement, this Order shall be null, void, and of no further force or effect, and each party to the Agreement shall be restored to his, her, or its respective position as it existed prior to the execution of the Agreement.

16. The Court hereby retains jurisdiction for purposes of implementing the Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

SO ORDERED this _____ day of May, 2009.

Stanley R. Chesler
United States District Judge